## Commonwealth v. Woy

*Paul A. Koontz*, for Commonwealth.
*Don C. Reiley*, for defendant.

WRIGHT, P. J., December 6, 1947.—E. E. Woy is charged with a violation of section 201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, which reads as follows:

"(a) No person who is a resident of this Commonwealth shall own a motor vehicle, trailer, or semi-trailer, in this Commonwealth unless a certificate of title therefore shall have been obtained as provided in this act:

"(b) Provided, That manufacturers and jobbers shall not be required to obtain certificate of title for new motor vehicles, trailers, or semi-trailers, when consigned by such manufacturers or jobbers to dealers: And further provided, That dealers need not obtain certificate of title for new motor vehicles, trailers, or semi-trailers, until and before sale thereof."

There is no dispute about the facts. Defendant is a member of a partnership which operates a garage in Boswell, Somerset County, Pa. The firm deals in motor vehicles and is entitled to use dealers' license plates. One of the members of the firm (not this defendant) was traveling through Bedford County as a passenger in a private automobile, to which was attached a trailer bearing one of the firm's dealers' license plates. No certificate of title had been obtained for this trailer. However, the trailer had been recently built by the firm for sale, and has since been sold.

We are entirely unable to perceive the theory of the Commonwealth in this case. Passing over possible questions of jurisdiction and partnership, our conclusion is based upon the express language of the section (quoted above) under which defendant has been prosecuted. The Superior Court has squarely ruled that this section applies only to one who has claimed to

have obtained ownership through a dealer: Sunbury Finance Co., Inc., v. Boyd Motor Co. et al., 119 Pa. Superior Ct. 412. As a matter of fact, defendant testified that an attempt had been made to secure a title certificate, but that the department had refused to issue one until the trailer had been sold.

### Decree

Now, December 6, 1947, defendant, E. E. Woy, is adjudged not guilty; Bedford County to pay the record costs.